**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2379**

SERAPHIN TCHEUDIJO,

Petitioner,

versus

ALBERTO GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-602-143)

Submitted: May 24, 2006            Decided: June 22, 2006

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Richard S. Bromberg, LAW OFFICES OF RICHARD S. BROMBERG, Washington, D.C., for Petitioner. Rod J. Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Seraphin Tcheudijo, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture. Tcheudijo challenges the negative credibility finding and the immigration judge's finding that he was lacking in sufficient corroborative evidence. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2005). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). To establish eligibility for withholding of removal, an alien must show a clear probability that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2000); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara, 378 F.3d at 367.

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). This court will reverse the Board "only if the evidence presented by the petitioner was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citation omitted).

We find substantial evidence supports the immigration judge's findings that Tcheudijo was not credible and he failed to provide reliable corroborative evidence supporting his claim.

Accordingly, the evidence does not compel a different result with respect to his application for asylum.[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]We note Tcheudijo has abandoned any challenge to the denial of withholding from removal and withholding under the Convention Against Torture.